United States District Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID HOLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:21-CV-03212** |
| | § | |
| **W&T OFFSHORE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

# MEMORANDUM AND ORDER

Plaintiff David Hole sued Defendant W&T Offshore, Inc. for negligence and gross negligence. Plaintiff's claims arise from his injury while performing contract work onboard Defendant's platform, which sits on the Outer Continental Shelf off the coast of Louisiana. Currently pending before the Court is Defendant's Motion for Summary Judgment. ECF 23. In response, Plaintiff seeks a continuance to depose Defendant's employee. ECF 24. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Continuance is **DENIED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a paint inspector. In July 2021, he was employed by a third party to paint risers and equipment on EW-910, a platform owned and operated by W&T. ECF 1-1 at 2; 23 at 8. The platform is located on the Outer Continental Shelf off the Coast of Louisiana. ECF 1 at 2.

According to Defendant, Plaintiff was on the platform for twelve days prior to the incident. ECF 23 at 9. Each day, he traversed a galley doorway and grated step at least six times—twice

after each meal to throw leftovers into the water—without an issue. *Id.* at 8. Other personnel crossed the step thousands of times between 2015 and the incident. *Id.* at 11. On the evening of the incident, Plaintiff stepped out to throw his dinner leftovers into the water. ECF 23 at 8. His heel hit the outside of the step's grating and front of foot went over the edge. ECF 24 at 2. Plaintiff fractured his ankle and required emergency surgery. ECF 23 at 9; 24 at 2. Defendant alleges that the accident occurred in daylight hours in good weather. ECF 23 at 12.

Plaintiff alleges that the step—which measured twelve inches long—was too narrow. ECF 23 at 9; 23-9; 24 at 3. He also argues it was not painted a conspicuous enough red to distinguish it from its surroundings. ECF 23 at 8. The step was painted red, and black mats were placed on the galley and platform grating. *Id.* Plaintiff alleges the red paint had faded over time. ECF 24 at 3. He does not allege the step was unsteady, slippery, or otherwise presented a dangerous condition. ECF 23 at 8, 12.

Finally, Plaintiff alleges that, several days prior, another painter had fallen on the same step. ECF 1-1 at 3; 24 at 3.

**B. Procedural History**

Plaintiff initially filed suit in state court, alleging negligence and gross negligence. ECF 1-1. Defendant removed to federal court based on 28 U.S.C. § 1441(a). ECF 1 at 3-4. It asserts the Court has original jurisdiction pursuant to the Outer Continental Shelf Lands Act (OCSLA), which confers subject matter jurisdiction on the Court over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . .". 43 U.S.C. § 1349(b). In its answer, Defendant asserts the affirmative defense that the step's condition was open and obvious. ECF 3 at 3.

Discovery closed on December 30, 2022. On January 5, 2023, Defendant filed the present Motion for Summary Judgment. Trial is currently scheduled for May 1, 2023.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)). "[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

### B. OCSLA Overview

The purpose of OSCLA is to define a body of law applicable to the Outer Continental Shelf. While federal law is exclusive, OSCLA "supplemented gaps in the federal law with state law through the 'adoption of State law as the law of the United States.'" *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 357 (1969). OCSLA directs application of the laws of the adjacent state to resolve all disputes arising on the Shelf "to the extent that they are applicable and not inconsistent with [the Lands Act] or with other Federal laws and regulations." 43 U.S.C. § 1333(a)(2)(A). In this case, the Court looks to Louisiana tort law.

This inquiry is not identical to an *Erie* inquiry. "In order to determine state law, federal courts look to final decisions of the highest court of the state. When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Transcon. Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992); *see also Knapp v. Chevron USA, Inc.*, 781 F.2d 1123, 1129 (5th Cir. 1986) (discussing difference between *Erie* inquiry and OCSLA inquiry—in OCSLA cases federal courts may be more ready to reject intermediate state appellate court interpretations).

### C. Analysis

#### 1. Duty Owed

Plaintiff brings claims of negligence and gross negligence against Defendant. Under Louisiana law, "[t]he duty to provide . . . a safe place to work . . . [is] primarily on [the] employer." *Kent v. Gulf States Utilities Co.*, 418 So. 2d 493, 500 (La. 1982). In this case, however, Defendant was not Plaintiff's employer. Rather, Plaintiff's employer contracted with Defendant to provide services. Consequently, Defendant does not owe Plaintiff the duty an employer owes to its employees. Rather, it merely owes the duty of a landowner to "discover any unreasonably

dangerous conditions on the premises and to either correct the condition or warn . . . of its existence." *Shelton v. Aetna Cas. & Sur. Co*., 334 So. 2d 406, 410 (La. 1976).

"Courts have adopted a risk-utility balancing test to determine whether such a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and feasibility of repair." *Bufkin v. Felipe's Louisiana, LLC*, 171 So. 3d 851, 856 (La. 2014). The "four pertinent factors [are]: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Id.*

In defining open and obvious under the second factor, courts look to whether "the hazard should be one that is open and obvious to everyone who may potentially encounter it." *Id.* This factor can be dispositive:

> It is accurate to state that defendants generally have no duty to protect against an open and obvious hazard. . . . [Therefore a] landowner is not liable for an injury which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner.

*Hutchinson v. Knights of Columbus*, 866 So. 2d 228, 234-35 (La. 2004); *see also Bufkin*, 171 So.3d at 856 ("Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent."). Summary judgment is appropriate where a condition is open and obvious and there's no unreasonable risk of harm. *Bufkin*, 171 So. 3d at 859.

**2. Application**

In the present case, Defendant asserts several facts for the proposition that the narrow step was open and obvious. First, Plaintiff himself had knowledge of the step from having repeatedly used it over the course of his time on the platform. While open and obvious is an objective standard,

a plaintiff's knowledge "leads to the inference" that the danger would be open and obvious to others. *Butler v. Int'l Paper Co.*, 636 F. App'x 216, 219 (5th Cir. 2016), as revised (Jan. 15, 2016). Likewise, others traversed the step thousands of times without incident. Second, testimony and photos demonstrate the step was painted red and contrasted with its surroundings. ECF 23-1 at 29; 23-5; 23-6; 23-7; 23-10; 24-3. Together, this evidence suggests that the step's presence and width was open and obvious. And, the history of individuals traversing the step without incident suggests the step was not otherwise unreasonably dangerous.

Plaintiff responds with two arguments. First, he argues that a finding of "open and obvious" is a fact question inappropriate for the Court to determine because the "Court never weighs evidence or find facts." ECF 24 at 5. This argument misstates the summary judgment standard. *See, e.g.*, *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 413 (5th Cir. 2017) (citing *Allen v. Lockwood*, 156 So. 3d 650 (La. 2015); *Bufkin*, 171 So. 3d 851) (Louisiana "court[s] recognized that whether a condition created an unreasonable risk of harm was an appropriate issue for summary judgment" and granted summary judgment for defendants where conditions were "'obvious and apparent to anyone who may potentially encounter'"); *Edmison v. Caesars Ent. Co., Inc.*, 177 F. Supp. 3d 972, 978 (E.D. La. 2016) (discussing Louisiana high court's clarification that summary judgment can be appropriate for issues of unreasonable risk of harm).

Second, Plaintiff argues that there is a genuine issue of fact as to whether the presence and width of the step was unreasonably dangerous and not open and obvious. As evidence for this claim, Plaintiff argues that Defendant re-painted the step bright red after the incident. ECF 24 at

3; 24-4. He also argues that another individual fell and hurt himself several days prior.[1] ECF 24 at 3.

Plaintiff's strongest authority is *Sias v. Quality Energy Services, Inc.*, in which a district court denied summary judgment on a negligence claim arising from a fall from a ladder. The *Sias* plaintiff had traversed the ladder dozens of times previously without an issue and the rungs were painted yellow and covered in plating. However, no non-stick plates were present, and the plaintiff presented evidence that many others had slipped on the same ladder. Thus, the district court concluded the ladder presented an unreasonable danger despite the open and obvious nature of the hazard. *Sias v. Quality Energy Servs., Inc.*, No. 6:15-CV-02223, 2018 WL 4039394, at *4 (W.D. La. Aug. 23, 2018). In the present case, in contrast, Plaintiff refers to a single other incident, but does not provide details of the incident or allege that more than the single other painter had tripped on the step. ECF 24 at 3.

Plaintiff ultimately provides insufficient evidence to create a genuine dispute of fact over either the open and obvious or unreasonably dangerous nature of the step. The pictures of thee step

[1] Defendant asserts these allegations are inadmissible. ECF 25. Defendant first argues that photograph of the re-painted step serves as evidence of subsequent remedies inadmissible under Federal Rule of Evidence 407. *Id.* at 2-3. The rule bars "evidence of subsequent remedial measures offered 'to prove . . . a defect.'" *Rutledge v. Harley-Davidson Motor Co.*, 364 F. App'x 103, 106 (5th Cir. 2010). Plaintiff responds that he introduced this evidence to demonstrate that it was feasible to paint the step a brighter color, which is relevant to Louisiana's four-factor test. ECF 26 at 1 (citing *Bufkin*, 171 So. 3d at 856). However, Defendant never contests the feasibility of painting or costs of preventing harm. Rather, it argues that the Court does not need to reach this issue. To the extent the photo is offered as proof that the original red was not bright enough, it is not admissible.

Second, Defendant argues that evidence of prior accidents is inadmissible if not substantially similar under Federal Rule of Evidence 403. ECF 24 at 3-4. However, Defendant fails to identify how the prior incident was so dissimilar that it is irrelevant. *Compare with Harrower v. Louisiana ex rel. Louisiana Dep't of Transp.*, 327 F. App'x 501, 502 (5th Cir. 2009) (distinguishing previous incidents based on significantly different facts). The fact that someone else fell on the same step days earlier seems to be relevant evidence. The Court finds this evidence is admissible.

demonstrate it was marked and distinguished from surroundings. Further, many people—including Plaintiff himself—had walked on the step repeatedly and without incident. Plaintiff introduces arguments that the step was too narrow but does not develop out an analysis of this argument or supplement with testimony. Therefore, the Court must **GRANT** Defendant's summary judgment motion.

## III. PLAINTIFF'S MOTION TO CONTINUE

Plaintiff seeks a continuance to conduct a deposition he requested of Defendant's lead operator, Michael Lirette. ECF 24 at 4. He requested this deposition but did not receive a response. *Id.* Plaintiff never filed a motion to compel the deposition, nor did he otherwise seek the Court's involvement prior to the closure of discovery.

The Court considers this Motion to be a Rule 56(d) Motion to Continue. Under Rule 56(d), deferring summary judgment and ordering further discovery is appropriate only if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

Plaintiff does not establish how Lirette's deposition would create a genuine issue of fact. Plaintiff generally alleges that Lirette's testimony would provide evidence about the specifications and maintenance of the subject step. ECF 25 at 2. However, to the extent Lirette's testimony touches on the color of the step, it does not seem that any testimony would create an issue about the open and obvious nature of the step—particularly considering evidence that Plaintiff and others knew about the step and traversed it repeatedly. Beyond allegations about the color of the step, Plaintiff's arguments do not have to do with the maintenance of the step. Finally, Plaintiff does

not allege how additional information about an overly narrow width would demonstrate the step posed unreasonable harm to overcome Defendant's open and obvious defense. Accordingly, the Court must **DENY** Plaintiff's Motion to Continue.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion to Continue is **DENIED**. This case is dismissed in full.

**IT IS SO ORDERED**.

Signed at Houston, Texas on February 8, 2023.

Keith P. Ellison
United States District Judge